IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO R. VENEGAS,<br><br>        Plaintiff,<br><br>   v.<br><br>NDEX WEST, L.L.C.; ONE WEST BANK; INDYMAC FEDERAL BANK, FSB; and DOES 1 through 5, inclusive,<br><br>        Defendants.<br>_____/ | Case No. 2:09-CV-01236-JAM-GGH<br><br><u>ORDER GRANTING DEFENDANTS'</u><br><u>    MOTION TO DISMISS</u> |

   This matter is before the Court on Defendants NDEX West, L.L.C. and FDIC, as receiver and conservator of Defendant IndyMac Federal Bank, FSB's (collectively "Defendants") motion to dismiss Plaintiff Armando Venegas's ("Plaintiff") First Amended Complaint pursuant to Federal Rules of Civil Procedure 41(b), 12(b)(1) and 12(b)(6).  Doc. # 23.  Plaintiff opposes the

motion. Doc. # 28, 29. For the reasons set forth below, Defendants' motion to dismiss is GRANTED.[1]

This action is substantively similar to a prior case that was recently dismissed by this Court. See Case No. 09-cv-00289 ("Related Case"). Plaintiff asserts similar claims in this action, against some of the same parties in the Related Case. Defendants' Motion to Dismiss the Related Case was granted on April 23, 2009. See Related Case, Doc. # 54. Plaintiff filed the instant action four days later, on April 27, 2009, in California Superior Court. The case was removed to this Court on May 4, 2009. Doc. # 1.

Federal law sets forth a pre-lawsuit claims-filing process that must be exhausted before a lawsuit can be filed against the FDIC, or against a failed institution in FDIC receivership. 12 U.S.C. § 1821(d)(13)(D); see also McCarthy v. FDIC, 348 F.3d 1075, 1081 (9th Cir. 2003). Section 1821(d)(13)(D) of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 provides that this claims process is a mandatory prerequisite to judicial review. It is undisputed that Plaintiff has failed to exhaust or even allege that he has exhausted the administrative claims process. As a result, this

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

Court lacks jurisdiction over the claims asserted, and dismissal is proper under FRCP 12(b)(1).

Accordingly, Defendants' Motion to Dismiss Plaintiff's First Amended Complaint is GRANTED.

IT IS SO ORDERED.

Dated:  August 31, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE